UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cr-80100-SMITH

UNITED STATES OF AMERICA,

v.

BLACIDO CHAJ-GONZALEZ,

    Defendant.
_____/

FILED BY ____SW____ D.C.

Jun 2, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## PRETRIAL DETENTION ORDER

    The Court, pursuant to 18 U.S.C. § 3142, commonly known as the Bail Reform Act of 1984, hereby ORDERS the Defendant, BLACIDO CHAJ-GONZALEZ,[1] detained pursuant to the provisions of Sections (b), (e) and (f).

    Defendant appeared before the Court on June 2, 2023, for a detention hearing. The Government moved for pretrial detention of Defendant on the basis that he presents a serious risk of flight under 18 U.S.C. § 3142(f)(2)(A).[2] The Court finds that the Government does have the right to move for detention pursuant to that statutory section in light of the facts of this case. After conducting a detention hearing in this case on June 2, 2023, and carefully considering all of the factors under 3142(g), the Court specifically finds that there are no conditions or combination of conditions which will reasonably assure the appearance of Defendant as required. The Court makes the following findings of fact with respect to this order for detention:

    Factors:

    **a)**     **The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**

---

[1] Defense counsel represented that Defendant's name is in fact Gabino Blacido Chaj-Gonzalez.
[2] Although the Government solely moved for pre-trial detention on grounds of serious risk of flight, the Government argued that the Court should consider dangerousness as part of its analysis.

Defendant is charged by Indictment [DE 8] with illegal re-entry after deportation or removal, in violation of 8 U.S.C. §§ 1326(a) & (b)(1). If convicted, he is facing up to ten years in prison, up to three years of supervised release, and up to a $250,000 fine. The offense with which Defendant is currently charged does not involve a crime of violence or a narcotic drug. However, Defendant is not legally in the United States.

b) **The weight of the evidence against Defendant.**

The weight of the evidence against Defendant is substantial. The Court takes judicial notice of the information in the Indictment, and the information in the Criminal Complaint and Affidavit in case number 23-mj-8268-WM. The following evidence was established by the Indictment, the Criminal Complaint and Affidavit, and the Government's proffer.

On or about May 22, 2023, Defendant was arrested in Palm Beach County, Florida, for the offenses of driving under the influence, driving without a valid driver's license, and on an outstanding warrant for failure to appear for arraignment in an unrelated misdemeanor case. Defendant was booked and detained at the Palm Beach County Jail. Upon booking, his fingerprints were entered into the IAFIS system, and there was a positive match for an individual previously removed from the United States.

Defendant's immigration records showed that Defendant is a native and citizen of Guatemala. Moreover, records showed that he was previously removed from the United States twice before. Specifically, Defendant was removed from the United States to Guatemala on or about April 4, 2018. Defendant was also later removed from the United States to Guatemala on or about August 7, 2019. Although it is unknown when Defendant subsequently re-entered the United States, a record check revealed that Defendant has not obtained consent from the United States Government for re-admission into the United States.

  c)  **The history and characteristics of Defendant.**

The Court takes judicial notice of the Modified Pretrial Services Report. Defendant is a native and citizen of Guatemala. Defendant is currently under removal proceedings and there is an immigration detainer on him.

  d)  **The criminal history of Defendant.**

Defendant has a fairly extensive criminal history. Specifically, Defendant was convicted of driving under the influence, having no valid driver's license, and illegal entry (misdemeanor). Defendant has also been charged with: (1) possession of cocaine (which was dismissed); (2) possession of paraphernalia (which Defendant was later arrested on for failing to appear and which still appears to be pending); (3) resisting and obstruction without violence, battery on law enforcement, EMT, or firefighter, and battery (resulting in an adjudication withheld); and (4) driving under the influence (which remains currently pending, and involved Defendant falling asleep behind the wheel of his car).

Further, Defendant has a history of using aliases or variations of his name and has three different associated dates of birth.

  e)  **The likelihood of Defendant's appearance in court if released.**

This Court finds that there is no condition or combination of conditions of release that will reasonably assure Defendant's presence if Defendant is released. The Court also finds that there is a serious risk that Defendant will flee or fail to appear if released. Based on the nature of the charges, the weight of the evidence, the prison sentence Defendant is facing if convicted, Defendant's prior removals, his criminal history (which includes several alcohol or drug related offenses), his ties to a foreign country and seeming lack of ties to this district, his ability to

surreptitiously cross the border, his previous failure to appear, his usage of different aliases and dates of birth, the fact that he is currently under removal proceedings and has an immigration detainer on him, and his lack of legal status in the United States, as well as the U.S. Probation Office's recommendation that Defendant be detained, this Court finds that Defendant is a substantial or serious risk of flight or nonappearance. The Court also finds that the Government has proven that Defendant is a serious risk of flight or nonappearance by a preponderance of the evidence.

Accordingly, it is hereby **ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Court directs that Defendant be afforded reasonable opportunity for private consultation with counsel; and the Court directs that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 2nd day of June, 2023.

_William Matthewman_
WILLIAM MATTHEWMAN
United States Magistrate Judge